IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, husband and wife, individually, and on behalf of TAIGE L. MUELLER, a minor, and on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>APRIL K. AUKER, KIMBERLY A. OSADCHUK, JANET A. FLETCHER, BARBARA HARMON, LINDA RODENBACH, THE CITY OF BOISE, DALE ROGERS, TED SNYDER, TIM GREEN, RICHARD K. MACDONALD, and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>        Defendants. | Case No. CV-04-399-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for summary judgment, a motion for class certification, and a motion for protective order. The Court heard oral argument on August 9, 2005, and the motions are now at issue. For the reasons expressed below, the Court will deny all three motions.

## ANALYSIS

1. **<u>Motion For Summary Judgment</u>**

The defendant St Luke's filed a motion for summary judgment. The plaintiffs responded to the legal merits of the motion, and also requested additional time under Rule 56(f) to conduct discovery. Specifically, plaintiffs want more time to do discovery on agency issues.

More than six months remain to conduct discovery, as the cutoff date set forth in the Scheduling Order is February 28, 2006. Plaintiffs have met their burden under Rule 56(f) of specifically identifying what discovery they need and establishing that they have diligently pursued discovery to this point. For these reasons, the Court will deny the summary judgment motion and allow discovery to proceed. This ruling obviously does not reach the legal merits of the motion and hence does not affect the rights of the defendants to re-file their motion when sufficient discovery has been completed.

2. **<u>Motion for Class Certification</u>**

There are serious problems with the plaintiffs request for class certification. They have defined the class so broadly that it involves many, many individuals who will never confront the circumstances giving rise to this case. Moreover, many of the individuals in the plaintiff's proposed class would, undoubtedly,

oppose the position taken by the plaintiffs here. This raises serious issues as to whether the plaintiffs can satisfy the "typicality" requirement of Rule 23.

Without defining the class this broadly, there is a serious question as to whether the "numerosity" requirement can be satisfied.

Finally, the plaintiffs have not carried their burden of showing why a class should be certified in this case. Whether a class is certified or not, a final ruling that the policy at issue is unconstitutional effectively ends the policy – for the reasons stated by the Court during oral argument. This would grant to plaintiffs the full relief they seek since they are not requesting monetary damages. For these reasons, the motion will be denied.

### 3.    **Motion for Protective Order**

The City acknowledges that it is not entitled to qualified immunity and yet seeks, for efficiency purposes, to stay discovery until the qualified immunity issue is decided as to other defendants. More specifically, the City asserts that if the individual police officers successfully argue that the policy was constitutional at a hearing now set for November 1, 2005, the City could use that finding to seek a dismissal of all claims against it, and thus never incur the costs of discovery.

In essence, the City is arguing that it should not have to undergo discovery because it might eventually be successful in obtaining summary judgment. If the

Court adopted that view, it would be asked in every case to limit discovery until summary judgment rulings could be obtained. Obviously, that cannot be the rule. While there may be exceptional cases where the City's argument may be persuasive, there is nothing unique about this case that would warrant deviating from the standard procedures. The Court will therefore deny this motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (Docket No. 103); the motion to certify class (Docket No. 85); and the motion for protective order (Docket No. 109) are DENIED.

DATED: **August 10, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court