IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, husband and wife, individually, and on behalf of TAIGE L. MUELLER, a minor, and on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>APRIL K. AUKER, KIMBERLY A. OSADCHUK, JANET A. FLETCHER, BARBARA HARMON, LINDA RODENBAUGH, THE CITY OF BOISE, DALE ROGERS, TED SNYDER, TIM GREEN, RICHARD K. MacDONALD, and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>        Defendants. | Case No. CV-04-399-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it several motions. The Court heard oral argument on March 21, 2006, and the motions are at issue. For the reasons expressed below, the Court will (1) deny the Hospital's motion for summary judgment, (2) grant the

**Memorandum Decision and Order – Page 1**

plaintiffs' motion to amend, and (3) deny the motion to strike errata changes on the condition that defendants be permitted to bring the changes before the jury and be reimbursed for all costs associated with retaking the depositions to inquire about the changes.

**1.     Hospital's Motion for Summary Judgment**

The Hospital moves for summary judgment on the ground that it cannot be liable for the actions of Dr. Richard MacDonald because Idaho law places the duty to obtain informed consent on physicians, not hospitals. *See* Idaho Code § 39-4507. The Hospital claims that the statute does not permit the imposition of vicarious liability, but that even if it did, such liability could not be imposed here because Dr. MacDonald was an independent contractor and there is no evidence to support vicarious liability.

Section 39-4507 says nothing about abrogating the common-law doctrine of vicarious liability. That doctrine is of long-standing and has been applied on many occasions to hospitals. The Idaho Supreme Court has held that the Idaho Legislature is presumed to maintain common-law principles unless it clearly states a contrary intent. *See Thomson v. City of Lewiston*, 50 P.3d 488, 493 (Id. 2002). A contrary intent is not stated in Idaho Code § 39-4507, and thus the Hospital could be vicariously liable under certain circumstances for the acts of its employees, or

**Memorandum Decision and Order – Page 2**

for the acts of its agents under theories of actual, implied, or apparent authority.

Even if Dr. MacDonald was contractually deemed to be an independent contractor, there are questions of fact whether he was acting as an agent of the Hospital under principles of apparent authority. Moreover, the Muellers have alleged that three employees of the Hospital – Robert Condon, Wayne May, and Scott Beseman – committed tortious acts that could also establish the Hospital's vicarious liability, and these questions of fact likewise preclude summary judgment for the Hospital.

**2.**     **Muellers' Motion to Amend & Add Parties**

The Muellers' proposed Second Amended Complaint seeks to (1) add two officials of Idaho's Department of Health and Welfare as defendants, sued in their official capacity only; (2) add a count against the Hospital and Dr. MacDonald for making a false claim of neglect; and (3) adding some new facts and restating others. The motion is timely under the Court's Scheduling Order. The Court cannot find that considerations of prejudice or futility overcome the liberal standard for permitting amendments under Rule 15(a), and will therefore grant the motion.

**3.**     **Motion to Strike Errata Changes to Deposition Testimony**

After their depositions were taken, plaintiffs Corissa and Eric Mueller filed

**Memorandum Decision and Order – Page 3**

errata sheets to change their testimony given at those depositions. The Hospital seeks to strike those errata sheets, arguing that they made wholesale changes to the testimony.

The Court agrees that the changes are substantial. While appropriate to correct a reasonable misunderstanding, such changes are not proper simply to save a claim from dismissal. Which is the case here? To answer that question, the Court may have to hold a hearing to investigate the motivations for the change. A simpler solution that protects the rights of all the parties is to allow the changes only on the condition (1) that the defendants be permitted to show the changes to the jury and thoroughly cover the issue in cross-examination of the Muellers, and (2) that plaintiffs' counsel cover all costs of defendants in retaking the depositions to inquire about the changes.

The Court will therefore deny the motion to strike and impose these two conditions. If plaintiffs want to be free of the conditions, they may withdraw those errata sheet changes that were so substantial.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (Docket No. 166) is DENIED.

**Memorandum Decision and Order – Page 4**

IT IS FURTHER ORDERED, that the motion to amend/correct (Docket No. 146) is GRANTED and the Clerk of the Court is directed to file the Second Amended Complaint.

IT IS FURTHER ORDERED, that the motion to strike errata changes (Docket No. 163) is DENIED on the two conditions set forth above.

DATED: **April 14, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 5**