IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, husband and wife, individually, and on behalf of TAIGE L. MUELLER, a minor, and on behalf of themselves and those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APRIL K. AUKER, KIMBERLY A. OSADCHUK, JANET A. FLETCHER, BARBARA HARMON, LINDA RODENBAUGH, THE CITY OF BOISE, DALE ROGERS, TED SNYDER, TIM GREEN, RICHARD K. MacDONALD, and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>　　　　　Defendants. | Case No. CV-04-399-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## ANALYSIS

The Court has before it a motion to exclude the testimony of defense expert Dr. Anthony Woodward. The Court heard oral argument on November 27, 2006, and denied the motion. This decision supplements the ruling from the bench.

**Memorandum Decision and Order – Page 1**

## INTRODUCTION

Defendant St. Luke's filed Dr. Woodward's report on September 20, 2006, identifying him as an expert whose testimony would be limited to issues raised by Count Nine of the Mueller's complaint. Count Nine alleges that Dr. McDonald and St. Luke's made false charges of child neglect. Dr. Woodward's report was filed nine months after the deadline of January 20, 2006, for all defendants to file their expert reports.

That deadline was imposed by the Court pursuant to Rule 26(a)(2). Under Rule 36(c)(1), a party that "without substantial justification" fails to comply with this deadline, "is not, unless such failure is harmless, permitted to use as evidence at a trial . . . information not so disclosed"  The burden of proving substantial justification and harmlessness lie with the party seeking to avoid sanctions. *See Yeti by Molly LTD. v. Deckers Outdoor Corporation*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Thus, St. Luke's must show that its late disclosure of Dr. Woodward was both (1) substantially justified and (2) harmless. On the first point, St. Luke's argues that Count Nine – the Count that Dr. Woodward addressed – was not added until the Court granted the Mueller's motion to amend on April 14, 2006, and the Muellers filed their amended complaint on April 27, 2006. St. Luke's asserts that

**Memorandum Decision and Order – Page 2**

it immediately propounded discovery requests on that new count, and after receiving answers on July 10, 2006, promptly located an expert and filed his report on September 20, 2006.

The Muellers respond that St. Luke's had notice of the gist of Count Nine, the false charge claim, as early as October 28, 2005 – nearly eleven months before Dr. Woodward's report was filed and about three months before the deadline for defendants to file expert reports. This was the date that the Muellers filed (1) their motion to add Count Nine, and (2) the report of their expert, Dr. Eugene Shapiro, who testified that various statements of St. Luke's representatives were wrong and that "[n]o physician familiar with the literature on febrile infants could have believed that to be true." *See Dr. Shapiro's Report* at ¶ 6.

While these filings may have raised the issue, St. Luke's was justified in waiting to incur the expense of hiring an expert until the Court ruled on the Muellers' motion to amend. When that ruling was issued on April 14, 2006, St. Luke's promptly engaged in discovery, and within two months of receiving the discovery responses, retained and filed the report of Dr. Woodward.

The Court is more concerned, however, with St. Luke's failure to seek to extend the deadline for filing expert reports. St. Luke's did obtain the Muellers' agreement to answer discovery requests concerning Count Nine, although the

**Memorandum Decision and Order – Page 3**

Muellers' counsel maintains that he responded "while preserving [our] objection that all of the discovery requests had been untimely." *See Statement of Rossman* at ¶ 5. If it recognized the need to extend the discovery deadline, St. Luke's must have also recognized the need to extend the expert reporting deadline, yet never took that step.

Nevertheless, it would be unfair at this point to deny St. Luke's the right to use Dr. Woodward's testimony as to Count Nine. The Muellers were allowed to add Count Nine very late in this litigation, and the Court's ruling adding that claim was issued after the deadline had passed for the filing of expert reports. St. Luke's was justified in waiting to incur the expense of retaining an expert until the Court ruled. Once the Court ruled, St. Luke's promptly retained an expert and filed his report.[1]

The late filing is therefore substantially justified. Moreover, it is harmless because the Muellers already have an expert who has testified on this subject – Dr. Shapiro – and the testimony of Dr. Woodward will be limited to Count Nine. While the Muellers will incur additional expenses, including those involved in

---

[1] Finally, Rule 26(a)(2)(C) may apply to this situation – where a claim is added after the expert reporting deadline – so that in the absence of a contrary court order, any expert report concerning the new claim must be filed within 90 days of trial. The Court is not so holding, but simply notes this possibility to illustrate the confusion inherent in the late addition of claims.

**Memorandum Decision and Order – Page 4**

deposing Dr. Woodward, those are simply the consequences of adding claims late in the litigation.

The Court will therefore deny the motion to exclude Dr. Woodward.  The Court will limit Dr. Woodward's testimony to issues relevant to Count Nine.  While the Muellers argue that his report goes far beyond Count Nine, the Court's quick appraisal is that he is rebutting Count Nine as the Mueller's have described that Count in their summary judgment briefing and in Dr. Shapiro's report.  This is not a final ruling of admissibility at trial – the Muellers are free to object at trial to any portion of Dr. Woodward's testimony that is irrelevant to Count Nine.  At that point, the Court will have the benefit of the testimony in context, along with a specific objection that will precisely identify why the testimony is not relevant.  The Court is simply holding here that Dr. Woodward's testimony is not so obviously unrelated to Count Nine that it would be irrelevant under any conceivable context at trial.

**Memorandum Decision and Order – Page 5**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude (Docket No. 274) is DENIED.



DATED: **November 28, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court