IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, Husband and Wife, Individually, and on behalf of TAIGE L. MUELLER, a Minor, and on behalf of Themselves and Those Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>APRIL K. AUKER; KIMBERLY A. OSADCHUK; JANET A. FLETCHER; BARBARA HARMON; LINDA RODENBAUGH; THE CITY OF BOISE; DALE ROGERS; TED SNYDER; TIM GREEN; RICHARD K. MacDONALD; and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>    Defendants. | Case No. CV-04-399-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion for summary judgment filed by the State defendants. The Court heard oral argument on October 26, 2009, and took the

**Memorandum Decision and Order – Page 1**

motion under advisement.  For the reasons expressed below, the Court will grant in part the motion, reversing its prior grant of summary judgment to plaintiffs on Eric Mueller's claim that his constitutional rights were violated by defendants' failure to give him post-deprivation notice.  The motion will be denied in all other respects.

## STANDARD OF REVIEW

The State defendants have labeled their motion as a motion for summary judgment.  However, the motion asks the Court to reconsider its earlier grant of summary judgment to plaintiffs.  Accordingly, the Court will deem the motion to be a motion for reconsideration governed by the standard of review applicable to that category of motion.

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress.  The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of

**Memorandum Decision and Order – Page 2**

courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

The State defendants seek reconsideration of the Court's grant of summary judgment to plaintiffs that they (1) failed to give Eric Mueller post-deprivation

**Memorandum Decision and Order – Page 3**

notice, (2) gave too broad a consent to Taige's treatment, and (3) held Taige too long after the imminent danger had passed.

With regard to the first issue, the Ninth Circuit pointed out that State defendant Barbara Hamon advised Eric Mueller "around 3:00 a.m." on August 13, 2002, explaining (1) that Taige had been taken into shelter care, (2) the reasons supporting that action, and (2) that she would continue in shelter care until a hearing could be held to determine if she should be released. *See Mueller v. Auker*, 576 F.3d 979, 998 (9th Cir. 2009).

The Court did not consider these facts in granting summary judgment to the Muellers on Eric's post-deprivation notice claim while denying the State defendants' cross-motion for summary judgment on that claim. While the Muellers state that they dispute the facts, their opposition at most defeats the State's cross-motion by creating issues of fact – and those very issues of fact render the Court's award of summary judgment to the Muellers inappropriate.

The Muellers argue that the Circuit's statement was mere *dicta*. Perhaps, but it accurately reflected the record at the time the Court was considering the cross-motions for summary judgment. The Court's review of that record reveals that Eric Mueller filed a Declaration agreeing that Hamon called him around 3:00 a.m. on August 13th. *See Declaration of Eric Mueller (docket no. 219-4).* While he

**Memorandum Decision and Order – Page 4**

does not detail what Hamon told him, he states that he rushed to the hospital to be with Taige after talking to her, implying that she informed him something about Taige's custody and treatment.

While there is some dispute over Hamon's call, the Declaration of Eric Mueller at least creates issues of fact warranting a denial of the Muellers' motion for summary judgment on Eric Mueller's post-deprivation claim.  The Court had not considered Eric Mueller's Declaration statement regarding the Hamon call in its earlier decision.  Accordingly, the Court finds that the State defendants' motion for reconsideration on this issue should be granted.

With regard to the other two issues – the scope of consent to treatment and the length of custody – the Court finds no reason to reconsider its earlier ruling.  The State defendants argue that the Court used the wrong standard of review.  The Court disagrees and notes that it relied on undisputed facts in its findings.  Reviewing the Muellers' motion for summary judgment in a light most favorable to the defendants does not change the Court's prior analysis.

The State defendants urge the Court to avoid the constitutional analysis and proceed directly to the qualified immunity analysis, as set forth in *Pearson v. Callahan*, 129 S. Ct. 808 (2009).  But *Pearson* did not direct district courts that had already engaged in a constitutional analysis to erase that analysis and begin again

**Memorandum Decision and Order – Page 5**

by addressing qualified immunity first.  Indeed, the very policy backbone of *Pearson* – to  enhance district court efficiency – would counsel against the re-analysis urged by the State defendants.

For all of these reasons, the Court will deny the State defendants' motion to reconsider as to the issues of the scope of consent to treatment and the length of custody.  The Court will, however, grant the motion as to Eric Mueller's claim regarding post-deprivation notice and order that the summary judgment previously granted to the Muellers on that issue be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (Docket No. 344) be deemed a motion to reconsider and be GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent it seeks to amend the Court's prior decision (Docket No. 282) granting summary judgment to the Mueller's on Eric Mueller's claim regarding post-deprivation notice.  The motion is denied in all other respects.

IT IS FURTHER ORDERED, that the Court's prior decision (Docket No. 282) is amended to deny the Mueller's motion for summary judgment (Docket No. 219) on Eric Mueller's claim regarding post-deprivation notice.

**Memorandum Decision and Order – Page 6**



DATED:  **November 9, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 7**