IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, husband and wife, individually, and on behalf of TAIGE L. MUELLER, a minor, and on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APRIL K. AUKER, KIMBERLY A. OSADCHUK, JANET A. FLETCHER, BARBARA HARMON, LINDA RODENBAUGH, THE CITY OF BOISE, DALE ROGERS, TED SNYDER, TIM GREEN, RICHARD K. MacDONALD, and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>Defendants. | Case No. CIV 04-399-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The defendants made motions for judgment as a matter of law under Rule 50(a) at the close of the Muellers' case. The Court heard argument earlier today and took the motions under advisement. For the reasons expressed below, the Court will grant the motion by the City (1) to dismiss the Muellers' claims for

equitable relief, and (2) to dismiss the claim that the City is liable under *Monell* for failing to train its officers. The Court will deny the remainder of the City's motion and the motions filed by the Hospital and Dr. Macdonald.

## ANALYSIS

### Governing Standard

The Court may grant the defendants' motions under Rule 50(a) if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." The Court must view the evidence in a light most favorable to the non-moving party. *See Telemasters v. The Vintage Club*, 2010 WL 1041475 (9th Cir. March 19, 2010).

### Equitable Relief Against the City

The Muellers seek both declaratory and injunctive relief against the City. The City argues that these claims are moot or not ripe for adjudication because the Muellers have moved to Hawaii.

The Declaratory Judgment Act only applies in "a case of actual controversy." *See* 28 U.S.C. § 2201. Declaratory judgment actions are justiciable if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th

**Memorandum Decision & Order - 2**

Cir. 1996). A declaratory relief claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. *Hodgers-Duran v. Lopez,* 199 F.3d 1037, 1044 (9th Cir. 1999). A similar standard applies to requests for injunctive relief. *See Dilley v. Gunn*, 64 F.3d 1365 (9th Cir. 1995). The presence of a controversy must be measured at the time the court acts. It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy. *See* 10B Wright, Miller and Kane, *Federal Practice & Procedure*, § 2757 at p. 495 (1998),citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

Testimony in this case shows that the Muellers have moved to Hawaii and that both have Hawaiian driver's licenses. Eric Mueller testified that he felt "betrayed" by the actions of the City's police officers, and was concerned that if his wife got "pulled over" by a City police officer that they might lose their child again. *See Transcript* at p. 153-54. Because of that, the Muellers decided they could not live in Boise. *Id*. at 213. They have now lived outside Idaho for four years, and there is no evidence in the record that they plan to return. While the parents of Corissa Mueller live in Idaho, they do not live in Boise but rather in Nampa. *See Transcript* at p. 105.

On this record, construing the facts most favorably to the Muellers, it is

**Memorandum Decision & Order - 3**

highly unlikely that the Muellers will ever encounter a Boise City police officer again under circumstances similar to those at issue in this case. Accordingly, the claims for injunctive and declaratory relief against the City must be dismissed.

**Policy/Ratification/Training Issues Against City**

The testimony of Michael Majors in combination with that of Detective Rogers creates sufficient questions on the ratification and policy prongs of *Monell* liability to warrant denying the Rule 50 motions on those issues. But the Muellers' allegation that the City failed to train its officers requires a closer look.

To prevail on their failure to train claim, the Muellers must show that the City "was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately." *See Ninth Circuit Model Instruction 9.7*. The Supreme Court has held that

> a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right. The high degree of predictability may also support an inference of causation – that the municipality's indifference led directly to the very consequence that was so predictable.

*City of Canton v. Harris*, 489 U.S. 378, 380 (1989). In order to prove that a

**Memorandum Decision & Order - 4**

municipal entity acted with "deliberate indifference," a plaintiff must show that a governmental entity was on notice that its training program is inadequate as a result of past similar incidents of constitutional violations committed by its inadequately trained employees. *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 at n. 10 (9th Cir. 1989). That notice could take many forms, ranging from lawsuits to mere informal complaints. *See Balbridge v. Jeffreys*, 2009 WL 275669 at *6 (E.D.Mich February 5, 2009) (finding no deliberate indifference in the absence of "any prior complaint of [defendant's] behavior [or any] . . . pattern of complaints about any deputy"); *see also*, *Ostroski v. Town of Southold*, 443 F.Supp. 325 (E.D.N.Y. 2006) (holding that mere filing of a lawsuit without information as to its merit could not support deliberate indifference finding).

The Court will assume, *arguendo*, that notice in the form or lawsuits or informal complaints is not necessary when police reports, signed by supervising officers, contain evidence of clearly unconstitutional conduct. For example, if police reports contained evidence of police harassment based on skin color, the city would be on notice of the unconstitutional conduct even if no lawsuits or citizen complaints had been filed.

In this case, the Muellers have shown four other incidents where the City police declared children in imminent danger and did not seek judicial intervention.

**Memorandum Decision & Order - 5**

*See Exhibits 1045, 1046, 1047 & 1048.*  These four exhibits are all police reports signed by supervising officers.  There was no testimony that any lawsuits or citizen complaints were filed on any of these four incidents.  In other words, the record contains no prior notice to the City that its policy was unconstitutional.  Of course, this would be largely irrelevant if the conduct in the police reports constituted a violation of a clearly established constitutional right.  But here, the City's officers did not have the benefit of clearly established law – indeed, the Court has previously held that the law was not clearly established on whether the officers should call a judge.  *See Memorandum Decision (docket no. 282)* at pp. 44-45.

Given this uncertainty in the law, and the lack of any notice, no reasonable juror could find it "highly predictable" that the City's failure to train its officers to call a judge would deprive persons of their constitutional rights.  Construing the evidence in a light most favorable to the Muellers, no reasonable juror could find the City deliberately indifferent to its training obligations.  Accordingly, this *Monell* claim will be dismissed.

**All Other Claims**

The Court has reviewed all other claims and finds sufficient evidence to warrant submitting them to the jury.

### ORDER

**Memorandum Decision & Order - 6**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the City's motion for judgment as a matter of law under Rule 50(a) made in open court on June 18, 2010, is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks dismissal of (1) the Muellers' claims for equitable relief, and (2) the Muellers' claim under *Monell* that the City is liable for failing to train its officers.  The motion is denied in all other respects.

IT IS FURTHER ORDERED, that the motions by the Hospital and Dr. Macdonald for judgment as a matter of law under Rule 50(a) are denied without prejudice to their right to raise the issues again following the jury verdict.

DATED:  **June 18, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge