IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, husband and wife, individually, and on behalf of TAIGE L. MUELLER, a minor, and on behalf of themselves and those similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APRIL K. AUKER, KIMBERLY A. OSADCHUK, JANET A. FLETCHER, BARBARA HARMON, LINDA RODENBAUGH, THE CITY OF BOISE, DALE ROGERS, TED SNYDER, TIM GREEN, RICHARD K. MacDONALD, and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>　　　　　　Defendants. | Case No. CIV 04-399-S-BLW<br><br>**MEMORANDUM DECISION** |

　　　　The Muellers argue that the City and Dr. Macdonald bear the burden of proving that they reasonably believed that Taige was in imminent danger of serious bodily injury and that the seizure was reasonably necessary to remove that threat. *See Plaintiffs' Proposed Instruction No. 15.* The Muellers note that the imminent

**Memorandum Decision & Order - 1**

danger standard was derived from Fourth Amendment jurisprudence, and that in those cases, once a criminal defendant shows a warrantless home entry, the Government bears the burden of proving exigent circumstances. *Coolidge v. New Hampshire,* 403 U.S. 443, 455 (1971). Applying those results here, the Muellers argue, would mean that once they proved that Taige was seized, the defendants would have the burden of showing a justification.

However, the Ninth Circuit has held otherwise. *See Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994). In that case, plaintiff Larez sued Officer Holcomb under § 1983 for an illegal arrest. The Court instructed the jury that Officer Holcomb had the burden of proving that Larez consented to the acts allegedly constituting the arrest. The Circuit held that instruction was error: "Larez at all times had the ultimate burden of proving to the jury that she had been seized unreasonably in violation of the Fourth Amendment." *Id.* at 1517; *see also Pavao v. Pagay,* 307 F.3d 915, 919 (9th Cir. 2002) (rejecting argument that because Government bears burden of proving consent in criminal suppression hearing that defendant bears the same burden in a civil § 1983 case), *citing with approval, Valance v. Wisel*, 110 F.3d 1269 (7th Cir. 1997) (holding that plaintiff in § 1983 action bore burden of proving that she did not give consent to search); *Ruggiero v Krzeminski*, 928 F.2d 558, 563 (2nd Cir. 1991) (rejecting plaintiffs' argument in § 1983 action that once

**Memorandum Decision & Order - 2**

they proved warrantless search of home, burden of proof shifted to officer to prove specific exception).

The Muellers argue that *LaLonde v. County of Riverside*, 204 F.3d 947 (9th Cir. 2000) reaches a different conclusion. Plaintiff LaLonde sued police officers under § 1983 for their warrantless entry into his home. He appealed the district court's grant of qualified immunity to the officers. The Circuit reversed that decision, and noted a Supreme Court decision holding that the officers bear a "heavy burden" of proving exigency. *Id*. at 957.

The Court finds *LaLonde* inapplicable for two reasons. First, the defendant officers in *LaLonde* bore the burden of proof because they claimed qualified immunity, an issue no longer present in this case. *See Moreno v. Baca,* 431 F.3d 633 (9th Cir. 2005) (moving party bears burden of proving qualified immunity). Moreover, all evidence was construed in favor of the plaintiff in that case since it was before the trial court in what was, in essence, a summary judgment decision. Second, *LaLonde* said nothing about the transferring the Government's burden of proof in a suppression hearing to a plaintiff in a § 1983 hearing. While *LaLonde* did not address it, *Larez* and *Pavao* met the issue head-on, and both held that the burden is on the plaintiff.

For these reasons, the Court rejects the Muellers' argument that the

**Memorandum Decision & Order - 3**

defendants bear the burden of proof on these constitutional issues and will instruct the jury that the plaintiffs have the burden of establishing each element of their claim, including the lack of any justification for the defendants' conduct.

DATED: **June 23, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**