IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC MUELLER and CORISSA D. MUELLER, husband and wife, individually, and on behalf of TAIGE L. MUELLER, a minor, and on behalf of themselves and those similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>APRIL K. AUKER, KIMBERLY A. OSADCHUK, JANET A. FLETCHER, BARBARA HARMON, LINDA RODENBAUGH, THE CITY OF BOISE, DALE ROGERS, TED SNYDER, TIM GREEN, RICHARD K. MacDONALD, and ST. LUKE'S REGIONAL MEDICAL CENTER,<br><br>              Defendants. | Case No. CIV 04-399-S-BLW<br><br>**MEMORANDUM DECISION RE COSTS** |

## INTRODUCTION

The Court has before it cost bills filed by Dr. Macdonald, the City of Boise, and St. Luke's Hospital. The Court will resolve each below.

**Dr. Macdonald's Cost Bill**

Dr. Macdonald seeks $16,472.03 in costs. Of this, $6,917.46 represents real-time transcripts. Local Rule 54.1(c)(2) permits the taxation of the cost of a trial transcript "when either requested by the Court, or prepared pursuant to stipulation." The real-time transcripts

**Memorandum Decision - 1**

were neither requested by the Court nor prepared pursuant to stipulation. Hence, that portion of the cost bill will be denied.

Dr. Macdonald also seeks the deposition costs for 41 depositions. Local Rule 54.1(c)(3) states that a taxable item includes certain costs "relative to depositions used for any purpose in connection with the case." It appears that only 20 of those depositions were used in connection with the case. Accordingly, the Court will not allow the recovery of costs for 21 of those depositions, and will reduce the cost bill by $2,846.17.

The reductions set forth above reduce the cost bill to $6,708.40. The Court finds these costs allowable and will so order.

**St. Luke's**

St. Luke's seeks $16,641.54 in costs. Of this, $6,917.46 represents real-time transcripts. For the reasons expressed above, the Court will deny this portion of the cost bill.

St. Luke's also seeks costs for depositions not used. It appears that of the 42 depositions for which St. Luke's seeks reimbursement, only 19 were used. Accordingly, the Court will not allow the recovery of costs for 23 of the depositions, and will reduce the cost bill by $3,550.98.

The reductions set forth above reduce the cost bill to $6,173.10. The Court finds these costs allowable and will so order.

**City of Boise**

The City of Boise seeks $15,824.51 in costs. Of this, $6,656.37 represents real-time transcripts. For the reasons expressed above, the Court will deny this portion of the cost bill.

The City of Boise also seeks costs for depositions not used. It appears that of the 43 depositions for which the City of Boise seeks reimbursement, only 19 were used. Accordingly,

**Memorandum Decision - 2**

the Court will not allow the recovery of costs for 24 of the depositions, and will reduce the cost bill by $3,957.90.

The reductions set forth above reduce the cost bill to $5,210.24. The Court finds these costs allowable and will so order.

## Conclusion

The defendants are clearly prevailing parties and entitled to costs unless there is some factor warranting a denial of costs. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc*., 342 F.3d 1016 (9th Cir. 2003). The Court cannot find any factor warranting a denial of costs, and hence will award the costs as set forth above in a separate Judgment.

DATED: **March 30, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision - 3**